The judgment is reversed, and cause remanded for a new trial.

*Carey, Boyle & Mullins*, and *J. Dunbar*, for Plaintiff.

*Trainer & Son*, for Defendant.

---

## PRACTICE—BILL OF EXCEPTIONS.

[Hamilton Circuit Court, January, 1890.]

Swing, Cox and Smith, JJ.

† BURGOYNE JR., ADMR., v. MOORE.

1. SUIT ON REJECTED CLAIM.

Where suit upon a claim rejected by the administrator is brought in the U. S. court within the statutory limit as provided for by section 6097, R. S., and there dismissed, otherwise than on its merits, such suit is barred by the statute of limitation, but under the provisions of section 4991, R. S., another suit may be commenced by the plaintiff within one year after its dismissal in the U. S. court.

2. FAILURE OF BILL OF EXCEPTIONS TO CONTAIN ALL THE EVIDENCE.

Where the bill of exceptions does not contain all the evidence which was submitted to the trial court and the jury, the reviewing court will not dis‑ turb the ruling of the trial court in its refusing to grant a nonsuit or to sustain a motion for a new trial.

ERROR to the Court of Common Pleas of Hamilton county.

†Affirmed by the Supreme Court; unreported, 51 O. S,, 626.

SMITH, J.

The only question argued to us was, whether the action, 'the judgment in which it is sought by this proceeding in error to reverse, was barred by the statue of limitations (section 6097, R. S.), which provides that where a claim against the estate of a deceased person is exhibited to the executor or administrator of such estate, and is rejected by him, that suit must by brought thereon (if the claim be due) within six months from such rejection, or the action thereon be forever barred. when taken in connection with section 4991, which provides that if any action commenced in due time, * * *.the plaintiff fail otherwise than upon the merits, and the time limited for the commencement of such action has, at the date of such failure, expired, the plaintiff may commence a new action within one year after such date.

The petition in this case was filed March 9, 1889. It was brought by Moore against the administrator of the estate of McDonald, and alleged that he had made due presentation of the claim sued on to such administrator, in January, 1886, who, on January 18, 1886, rejected it, and that on March 25, 1886, the plaintiff brought a suit thereon in the U. S. circuit court of this circuit, to recover the amount due on such claim, which action on the 24th day of January, 1889, was dismissed by said court for want of jurisdiction of the subject matter, at that the plaintiff failed therein otherwise than upon the merits. He then states the amount he claims to be due to him thereon, and asks a judgment therefor.

The answer of the defendant, in one paragraph thereof, admits the presentation and rejection of the claim as stated in the petition, but denies all of the other allegations therein contained. In another paragraph he avers that the account sued on was rejected by him more than six months prior to the filing of the petition in this case. And he denies that any action was brought upon said account for the collection thereof in the circuit court of the United States within six months from the rejection of said account, or at any time. That the claim by him rejected was for the amount due from McDonald to him, as a balance after closing out all the business of the firm in which the two were partners. That the action of the U. S. court was based upon the idea that the partnership business was not all settled, and was for an account and a finding of a balance due, and that this bill was dismissed on the ground that the plaintiff had an adequate remedy at law. There were other allegations in the answer not necessary to state.

It is apparent that one of the main questions in the case was, whether this action in the U. S. court was substantially an action on the rejected account, and when this was dismissed in the way it was, plaintiff, under the statute, had a right to bring this action within one year from its dismissal. On the trial the record of this case in the U. S. court was introduced by the court without objection, and there being nothing to dispute it disclosed in evidence, the question of its effect as to this question was for the decision of the court; and this was asked for by the defendant's counsel when at the conclusion of the evidence offered by the plaintiff in chief, he moved the court to "arrest the case from the jury and to direct a verdict for the defendant, on the ground that there is no testimony that the case is brought within the exception of the statute of limitations, it appearing upon the face of the petition that the case is barred unless brought within the exception, and that the testimony is conclusive proof that the case is barred by the statute of

limitations." This motion the court overruled, and the exception was taken.

We incline strongly to the opinion that the point thus sought to be raised as to the effect of this record, or by the motion for a new trial based on the ground that the verdict was against the evidence, is not properly before us for decision, for this reason: It is manifest from the bill itself that all the evidence which was submitted to the trial court and the jury is not before us, though it is certified in the bill that such is the case; and if this is so, it is clear that the ruling of the court refusing to grant the nonsuit or to sustain the motion for a new trial on the ground named will not be disturbed by the reviewing court. This as to the nonsuit is directly held in 17 Ohio, 439, and as to the overruling of the motion for a new trial the cases are abundant.

That we do not have all the evidence submitted to the trial court is apparent. Four enormous books containing the accounts of the members of the firm, and its transactions with others, were before the jury. They are not attached to the bill, or identified in any way, but in the bill is this statement: "It is agreed by counsel that the original books of account of Robert Moore & Co., used in evidence in this case and referred to in this bill of exceptions, may be referred to and used in the upper courts without being attached to the bill." While we are disposed to go very far in carrying out the agreement of counsel in such matters, we greatly doubt whether this stipulation is sufficient to identify the books or to show what parts of them were introduced in evidence. But in addition to this defect, several papers offered, and which are referred to as Exhibits "D," "E," and "F," (pages 41-62 and 63 of the bill) are not attached, and statements of accounts offered on pages 119 and 133 are also absent as well as a lot of papers numbered from 21 to 23, inclusive, and there is nothing to show what they contained.

Was the question otherwise presented? The court was requested by counsel for defendant below to give to the jury certain special charges, all of which were refused. We are of opinion that the court was justified in refusing the whole of them as not being correct in every particular, unless No. 8 be an exception. By it the court was asked to say to the jury that "unless you find that this plaintiff did within six months from the date of said claim by said administrator, bring a suit upon the account which had been presented to the administrator, and by him rejected, your verdict must be for the defendant."

We see no objection to this charge asked for, for any reason other than this—that it seems to be an abstract statement of law, not applicable to the questions arising on the pleadings and evidence why it should not have been given. It was an admitted fact that the claim was rejected in January, 1886, and that the present suit had not been brought until March, 1889, three years after the rejection of the account, and if no suit had been commenced upon it within six months, the claim was barred. But the real issue was upon this point, whether the suit in the U. S. court was on the rejected account.

If it was, the action under the circumstances disclosed in evidence would not be barred. The court in construing the record of that case presented in evidence had decided that the two actions were substantially the same, there being no conflict of evidence as to the facts stated in the record, it being binding and conclusive on both of the parties; and with-

out going into the case at length, or referring to the multitude of cases cited by counsel in their arguments and briefs, we will say that our construction of the record also is, that the first action, that in the U. S. court, was substantially on the same claims sued on in this action, and that case having been disposed of and dismissed otherwise than upon the merits, this action brought within one year after such dismissal was not barred by the statute, and that the charge referred to, while it stated an abstract principle of law, which might have been given to the jury with proper statements as to the suit in the U. S. court having been one which prevented the running of the statute, we are of the opinion that the refusal to so charge was not prejudicial, for the evidence showed conclusively, if our opinion is correct, that the suits were the same, the first one being brought on the equity side of the court, to settle the partnership accounts between the parties, and to obtain a decree as for a balance due by the defendant to the plaintiff, for precisely the same debt was sought to be recovered in the last case, in action on an account; and a mere technical error, even if one was committed, under such circumstances should not operate to the reversal of a judgment which, so far as this question is concerned, was right on the undisputed facts of the case.   The judgment will be affirmed.

*John J. Glidden* and *H. K. Burgoyne*, Attorneys for Plaintiffs.

*Judge Fayette Smith & Martin* and *Lincoln, Stephens & Lincoln,* contra.

(Judgment affirmed by supreme court without report, June 12, 1894. 1 Ohio Legal News, 216.)